Ashley M. McDow (245114)
Michael T. Delaney (261714)
Fahim Farivar (252153)
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone:   310.820.8800
Facsimile:    310.820.8859
Email:    amcdow@bakerlaw.com
             mdelaney@bakerlaw.com
             ffarivar@bakerlaw.com

Proposed Attorneys for
Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>HOAG URGENT CARE-TUSTIN, INC., et al.,<br><br>Debtors and Debtors in Possession. | Case Nos.: 8:17-bk-13077-TA; 8:17-bk-13078-TA; 8:17-bk-13079-TA; 8:17-bk-13080-TA; 8:17-bk-13089-TA; 8:17-bk-13090-TA<br><br>Chapter 11 |
| Affects:<br><br>■ All Debtors<br><br>□ Cypress Urgent Care, Inc., a California corporation, ONLY<br><br>□ Hoag Urgent Care – Anaheim Hills, Inc., a California corporation, ONLY<br><br>□ Hoag Urgent Care – Huntington Harbour, Inc., a California corporation, ONLY<br><br>□ Hoag Urgent Care – Orange, Inc., a California corporation, ONLY<br><br>□ Hoag Urgent Care – Tustin, Inc., a California corporation, ONLY<br><br>□ Laguna-Dana Urgent Care, Inc., a California corporation, ONLY | **NOTICE OF EX PARTE MOTION AND EX PARTE MOTION FOR JOINT ADMINISTRATION PURSUANT TO 11 U.S.C. § 105(A), FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015, AND LOCAL BANKRUPTCY RULE 1015-1; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS IN SUPPORT THEREOF**<br><br>[No Hearing Required – LBR 1015-1(b)(1) and 9013-1(q)] |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, ALL INTERESTED PARTIES AND/OR THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Cypress Urgent Care, Inc., a California corporation, Hoag Urgent Care–Anaheim Hills, Inc., a California corporation, Hoag Urgent Care–Huntington Harbour, Inc., a California corporation, Hoag Urgent Care–Orange, Inc., a California corporation, Hoag Urgent Care–Tustin, Inc., a California corporation, and Laguna-Dana Urgent Care, Inc., a California corporation (collectively, the "Debtors"), the debtors and debtors in possession in the above-captioned bankruptcy cases (collectively, the "Bankruptcy Cases"), hereby respectfully submit the within *Ex Parte Motion for Joint Administration Pursuant to 11 U.S.C. § 105(a), Federal Rule of Bankruptcy Procedure 1015, and Local Bankruptcy Rule 1015-1* (the "Motion"). By and through the Motion, the Debtors move *ex parte* pursuant to 11 U.S.C. § 105(a), Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Bankruptcy Rules ("LBR") for entry of an order authorizing the joint administration of the Bankruptcy Cases, including: (a) the use of a single docket for administrative matters; (b) the use of a single service list for notices on creditors and parties in interest; (c) scheduling joint hearings; (d) combined financial reporting; (e) joint and several liability for professional fees and costs; and (f) the joint handling of any other administrative matters.

The Motion is based upon this notice, the Motion as well as the memorandum of points and authorities, declaration(s) and exhibit(s) attached thereto, the arguments of counsel at any hearing on the Motion, the dockets in the Bankruptcy Cases and any other matters of which the Court may take judicial notice, and any other evidence or pleading presented to the Court relating to the Motion.

**PLEASE TAKE FURTHER NOTICE** that the Debtors request that the Motion be considered on an *ex parte* basis pursuant to LBR 1015-1(b), which authorizes the Court to order the joint administration of the Bankruptcy Cases without further notice or an opportunity for a hearing on the Motion. Under the circumstances presented, the Debtors have determined that the joint administration of the Bankruptcy Cases serves the best interests of the Debtors, their

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

respective estates (collectively, the "Estates"), creditors of the Estates, and judicial economy. More precisely, the joint administration of the Bankruptcy Cases will provide for the most efficient and effective administration of the Bankruptcy Cases while simultaneously avoiding unnecessary expenses and expenditures of the finite resources of the Debtors, Estates and the Court on duplicative filings, pleadings and/or hearings in the Bankruptcy Cases, which may inure to the benefit of creditors of the Estates by increasing distributions to such creditors. As the Debtors are filing multiple first day motions, adjudication of the Motion on an *ex parte* basis is necessary in order to accomplish the goal of efficiently and effectively administering the Bankruptcy Cases and preserving the finite resources of the Debtors, the Court, and other parties in interest, as the alternative would be to file identical pleadings in six (6) separate bankruptcy cases with separate hearings on each and every motion. Joint administration will also ease the burden on the Office of the United States Trustee in supervising the Bankruptcy Cases. By and through the Motion, the Debtors **do not** request substantive consolidation of the Bankruptcy Cases at this time. Nothing contained in the Motion is intended to compel substantive consolidation of the Estates.

Accordingly, the Debtors request that the Court grant the Motion without notice or a hearing pursuant to LBR 1015-1(b) and 9013-1(q).

Dated:   August 2, 2017          Respectfully submitted,

**BAKER & HOSTETLER LLP**

By:   /s/ Michael T. Delaney
      Ashley M. McDow
      Michael T. Delaney
      Fahim Farivar

Proposed Attorneys for
Debtors and Debtors in Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

### A. Jurisdiction and Venue

This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue of the Bankruptcy Cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

### B. The Debtors and the Chapter 11 Filings

On August 2, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "Court"). The Bankruptcy Cases were each assigned to the Honorable Theodor C. Albert.

The Debtors continue to operate and manage their affairs as debtors and debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner and no committee has been appointed or designated in any of the Bankruptcy Cases. It is presently unclear whether the Office of the United States Trustee will appoint a committee.

The Debtors are affiliates of one another related by common ownership and, in many instances, share common creditors. Additionally, the Debtors are each engaged in the operation of urgent care facilities in Southern California and, as such, in the course of the Bankruptcy Cases will confront similar, if not identical, issues impacting the abilities of the Debtors to maintain operations and reorganize.

## II. PROPOSED PROCEDURE FOR JOINT ADMINISTRATION

The Debtors propose the following procedure for joint administration of the Bankruptcy Cases:

1. The use of a single docket (*In re Hoag Urgent Care-Tustin, Inc.*, case no. 8:17-bk-13077-TA) for any and all administrative matters, including, without limitation, any filing, lodging, and docketing of pleadings and orders, and parties in interest shall be directed to use the caption attached to the Declaration of Michael T. Delaney (the "<u>Delaney Declaration</u>") as **Exhibit A** for all filings relating to the Bankruptcy Cases. Each pleading or filing, however, shall indicate on the caption which of the Debtors is affected by or is a party subject to the pleading or filing at issue.

2. The use of a combined service list for the provision of notice to creditors and parties in interest.

3. The scheduling of joint hearings.

4. The use of combined financial reports for the Estates.

5. The approval of joint and several liability of the Estates for allowed professional fees and costs and the consolidated billing of professional fees and expenses as well as the use of joint fee applications by professionals of the Estates, which shall cover any and all services rendered to the Debtors during the covered period.

6. The joint handling of other administrative matters.

If the Motion is granted, a notice of the joint administration of the Estates shall be separately filed and docketed in each of the Bankruptcy Cases in a form substantially to the proposed notice attached to the Delaney Declaration as **Exhibit B**.

**III.    DISCUSSION**

Joint administration of bankruptcy cases is governed by Rule 1015 of the Bankruptcy Rules, which provides, in pertinent part, that "[i]f … two or more petitions are pending in the same court by or against … (4) a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest." Fed. R. Bankr. P. 1015(b). Joint administration is typically ordered when related business entities file for chapter 11 bankruptcy relief and seek to employ similar reorganization strategies, and when the success

of one entity may depend on success of another. *See* 9 COLLIER ON BANKRUPTCY, ¶ 1015.03 (15th ed. rev. 2008).

Bankruptcy Rule 1015 promotes the fair and efficient administration of related cases of affiliated debtors, while ensuring that no rights of individual creditors are unduly prejudiced. *See In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re H & S Transportation Co.*, 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1985). As set forth in the official 1983 Advisory Committee Note to Rule 1015:

> Joint administration[,] as distinguished from consolidation[,] may include combining the estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

The Bankruptcy Cases, and the creditors of the Estates, would benefit greatly from the joint administration of the Bankruptcy Cases. The Bankruptcy Cases involve many commonalities—from the equity interests in the Debtors to the businesses conducted by the Debtors. Indeed, given the commonality of ownership and operations, the Debtors also share many creditors and, with respect to the Hoag Debtors,[1] are parties to similar leases and license agreements. Furthermore, many of the assets of the Hoag Debtors are subject to the same or similar secured claims asserted by Hoag and, thus, the reorganization of the Hoag Debtors will not only involve the same or similar issues, but may, to a large extent, depend on the continued operations and/or viability of the Hoag Debtors. Additionally, prior to the commencement of the Bankruptcy Cases, the California Superior Court appointed the same receiver over the Debtors; thus, any issues relating to the prior (or continued) involvement of the receiver will implicate all of the Debtors as well as their respective Estates.

Given the commonality of interests and issues, the joint administration of the Bankruptcy Cases would benefit the Debtors by streamlining the administration of the Estate, the Court by reducing the administrative burden of the Bankruptcy Cases, and all affected creditors by

---

[1] "Hoag Debtors" collectively refers to Hoag Urgent Care–Anaheim Hills, Inc., Hoag Urgent Care–Huntington Harbour, Inc., Hoag Urgent Care–Orange, Inc., and Hoag Urgent Care–Tustin, Inc.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

minimizing the potentially duplicative administrative expenses associated with the Bankruptcy Cases and, thereby, potentially increasing distributions to creditors. Moreover, joint administration of the Bankruptcy Cases will also ease the burden placed upon the Office of the United States Trustee in supervising the cases. In addition to decreasing the burdens associated with the administration of the Bankruptcy Cases, joint administration will also ensure that no contrary opinions on similar issues involved in the administration of the Estates are rendered— thereby ensuring consistency in the reorganization of the Debtors.

The Debtors also intend to retain the same professionals to represent and assist the Debtors during the reorganization of their affairs. Per the terms of the employment, the Debtors will be jointly and severally liable for all of the administrative professional fees and expenses incurred in the course of the Bankruptcy Cases. Jointly administering the Bankruptcy Cases will permit professionals to consolidate charges under a single matter, which will eliminate any expenses associated with allocating the services rendered among multiple matter numbers, and permit professionals to file joint fee applications, which will reduce the number of applications required and, thus, the expenses associated with preparing any fee applications.

In addition to the benefits of joint administration, the rights of the Debtors' respective creditors will not be adversely affected by joint administration of the Bankruptcy Cases. Creditors will continue to receive notice of matters related to the administration of the Estates and a full and fair opportunity to respond to any pleadings or filings. Indeed, the joint administration may provide additional transparency for creditors by providing creditors with notice of matters affecting any of the creditors in any of the Bankruptcy Cases, which, given the interrelatedness of the reorganization, may affect creditors of other Debtors. Furthermore, the Debtors do not propose at this point to take any action that would constitute substantive consolidation of the Estate; rather, the Debtors are merely seeking to jointly administer the Estates. As such, the liabilities and obligations of the Debtors shall not affect the rights and interests of creditors of the more solvent Debtors (to the extent there are any) by diluting the value of any assets of such Debtors.

Based on the foregoing, the Debtors respectfully submit that the joint administration of the Bankruptcy Cases is warranted under Rule 1015 of the Bankruptcy Rules.

## IV.   NO NOTICE OR HEARING REQUIRED

Pursuant to LBR 1015-1(b), the Court may order the joint administration of bankruptcy cases pending before it without the need for notice and a hearing. More precisely, LBR 1015-1(b) provides:

> If [two] or more cases are pending before the same judge, an order of joint administration may be entered, without further notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to FRBP 1015 and LBR 9013-1(a), supported by a declaration establishing that the joint administration of the cases is warranted, will ease the administrative burden for the court and the parties, and will protect creditors of the different estates against potential conflicts of interest.

Based on the foregoing, and the declarations filed in support of the Motion, the Debtors respectfully submit that the Court may grant the Motion and order the joint administration of the Estates without notice and a hearing.

## V.   CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order (1) granting the Motion in its entirety and on an *ex parte* basis, (2) approving the proposed procedure for joint administration, (3) approving the proposed caption for the Bankruptcy Cases, a copy of which is appended hereto as Exhibit A, (4) approving the proposed notice of joint administration for the Bankruptcy Cases, a copy of which is appended hereto as Exhibit B, and (5) granting any further or additional relief the Court deems just and proper.

Dated:   August 2, 2017                   Respectfully submitted,

**BAKER & HOSTETLER LLP**

By:   /s/ Michael T. Delaney
       Ashley M. McDow
       Michael T. Delaney
       Fahim Farivar

Proposed Attorneys for
Debtors and Debtors in Possession

- 8 -

## DECLARATION OF JENNIFER AMSTER

I, Jennifer Amster, hereby declare:

1. I am the Chief Executive Officer ("CEO") of Radiant Physician Group, the management company for the debtors and debtors in possession (the "Debtors") in the Bankruptcy Cases. As such, I am generally responsible for managing the operations of the Debtors and, thus, am familiar with the Debtors' operations, assets, and liabilities. I submit this declaration in support of the *Ex Parte Motion for Joint Administration Pursuant to 11 U.S.C. § 105(a), Federal Rule of Bankruptcy Procedure 1015, and Local Bankruptcy Rule 1015-1* (the "Motion"). Unless otherwise stated, I have personal knowledge of the matters set forth herein, and if called as a witness, could and would competently testify to the same. Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

2. The Debtors are affiliates of one another related by common ownership and, in many instances, share common creditors. Additionally, the Debtors are each engaged in the operation of urgent care facilities and, as such, in the course of the Bankruptcy Cases may confront similar, if not identical, issues impacting the abilities of the Debtors to maintain operations and reorganize.

3. The Bankruptcy Cases involve many commonalities—from the equity interests in the Debtors to the businesses conducted by the Debtors. Indeed, given the commonality of ownership and operations, the Debtors also share many creditors and, with respect to the Hoag Debtors, are parties to similar leases and license agreements. Furthermore, many of the assets of the Hoag Debtors are subject to the same or similar secured claims asserted by Hoag and, thus, the reorganization of the Hoag Debtors may not only involve the same or similar issues, but may, to a large extent, depend on the continued operations and/or viability of all of the Hoag Debtors.

4. Prior to the commencement of the Bankruptcy Cases, the California Superior Court appointed a receiver over the Debtors; thus, any issues relating to the prior (or continued) involvement of the receiver may implicate all of the Debtors as well as their respective Estates.

5. The Debtors also intend to retain the same professionals to represent and assist the Debtors during the reorganization of their affairs. The Debtors will be jointly and severally liable

1  for all of the administrative professional fees and expenses incurred in the course of the
2  Bankruptcy Cases. Accordingly, I believe that jointly administering the Bankruptcy Cases will
3  minimize administrative expenses by permitting professionals to consolidate charges under a
4  single matter, which should eliminate any expenses related to the allocation of services rendered
5  among multiple matters, and permit professionals to file joint fee applications, which should
6  reduce the number of applications required and, thus, the expenses associated therewith.

7      6.    In addition to the benefits of joint administration, I do not believe that the rights of
8  the Debtors' respective creditors will be adversely affected by joint administration of the
9  Bankruptcy Cases.

11  I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd
12  day of August, 2017, at _____Orange, Ca_____.

                                         Jennifer Amster

## DECLARATION OF MICHAEL T. DELANEY

I, Michael T. Delaney, hereby declare:

1. I am an attorney duly licensed to practice before this Court. I am an associate with the law firm of Baker & Hostetler LLP, proposed general insolvency counsel for the debtors and debtors in possession in the above-captioned bankruptcy case. I submit this declaration in support of the *Ex Parte Motion for Joint Administration Pursuant to 11 U.S.C. § 105(a), Federal Rule of Bankruptcy Procedure 1015, and Local Bankruptcy Rule 1015-1* (the "Motion"). Unless otherwise stated, I have personal knowledge of the matters set forth herein, and if called as a witness, could and would competently testify to the same. Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

2. The Debtors propose that all pleadings related to the Bankruptcy Cases shall contain a joint caption in the form attached hereto as Exhibit A, and that any and all pleadings shall be filed and maintained on the docket for the proposed lead case, *In re Hoag Urgent Care-Tustin, Inc.*, case no. 8:17-bk-13077-TA.

3. If the Motion is granted, a notice in the form attached hereto as Exhibit B, or in a substantially similar form, shall be filed on the docket in each of the Bankruptcy Cases and served on all creditors of the Debtors.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of August, 2017, at Los Angeles, California.

/s/ Michael T. Delaney
Michael T. Delaney

- 11 -

NOTICE OF EX PARTE MOTION AND EX PARTE MOTION FOR JOINT ADMINISTRATION OF BANKRUPTCY CASES

611137278.1

# EXHIBIT A

1 | INFORMATION RE FILING PARTY
OR COUNSEL FOR FILING PARTY

2

[If Applicable] Attorneys for FILING PARTY

3

4

5

6

7

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **SANTA ANA DIVISION**

11

| In re | Lead Case No.: 8:17-bk-13077-TA |
|---|---|
| HOAG URGENT CARE-TUSTIN, INC., et al., | Chapter 11 |
| Debtors and Debtors in Possession. | (Jointly Administered with Case Nos. 8:17-bk-13078-TA; 8-17-bk-13079-TA; 8:17-bk-13080-TA; 8-17-bk-13089-TA; 8-17-bk-13090-TA) |
| Affects: | |
| ☐ All Debtors | **[PLEADING TITLE]** |
| ☐ Cypress Urgent Care, Inc., a California corporation, ONLY | Hearing:<br>Date:   [Date]<br>Time:   [Time]<br>Place:  Courtroom 5B<br>           U.S. Bankruptcy Court<br>           411 West Fourth Street<br>           Santa Ana, CA 92701 |
| ☐ Hoag Urgent Care – Anaheim Hills, Inc., a California corporation, ONLY | |
| ☐ Hoag Urgent Care – Huntington Harbour, Inc., a California corporation, ONLY | |
| ☐ Hoag Urgent Care – Orange, Inc., a California corporation, ONLY | |
| ☐ Hoag Urgent Care – Tustin, Inc., a California corporation, ONLY | |
| ☐ Laguna-Dana Urgent Care, Inc., a California corporation, ONLY | |

[PLEADING TITLE]

611118600.2

# EXHIBIT B

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Ashley M. McDow (245114)<br>Michael T. Delaney (261714)<br>Fahim Farivar (252153)<br>**BAKER & HOSTETLER LLP**<br>11601 Wilshire Boulevard, Suite 1400<br>Los Angeles, CA  90025-0509<br>Telephone:    310.820.8800<br>Facsimile:     310.820.8859<br>Email:          amcdow@bakerlaw.com<br>                     mdelaney@bakerlaw.com<br>                     ffarivar@bakerlaw.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Debtors and Debtors in Possession | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| In re:<br><br>HOAG URGENT CARE-TUSTIN, INC., et al.,<br><br>Debtor(s) | LEAD CASE NO.: 8:17-bk-13077-TA<br><br>CHAPTER: 11<br><br>JOINTLY ADMINISTERED WITH:<br><br>CASE NO.: 8:17-bk-13078-TA<br><br>CASE NO.: 8:17-bk-13079-TA<br><br>CASE NO.: 8:17-bk-13080-TA<br><br>CASE NO.: 8:17-bk-13089-TA<br><br>CASE NO.: 8:17-bk-13090-TA<br><br>☐ See attached for additional Case Numbers |
|---|---|
| In re:<br><br>[See Attached]<br><br>Debtor(s) | |
| ☒ Affects All Debtors<br><br>☐ Affects Cypress Urgent Care, Inc., a California corporation, ONLY<br><br>☐ Affects Hoag Urgent Care – Anaheim Hills, Inc., a California corporation, ONLY<br><br>☐ Affects Hoag Urgent Care – Huntington Harbour, Inc., a California corporation, ONLY<br><br>☐ Affects Hoag Urgent Care – Orange, Inc., a California corporation, ONLY<br><br>☐ Affects Hoag Urgent Care – Tustin, Inc., a California corporation, ONLY<br><br>☐ Affects Laguna-Dana Urgent Care, Inc., a California corporation, ONLY | **NOTICE OF JOINT ADMINISTRATION OF CASES AND REQUIREMENTS FOR FILING DOCUMENTS**<br><br>**[LBR 1015-1]** |
| | [No Hearing Required] |

TO: THE U.S. TRUSTEE AND ALL PARTIES IN THESE JOINTLY ADMINISTERED CASES:

An order was entered on (*date*) _____ granting a motion to approve joint administration of cases pursuant to FRBP 1015 and LBR 1015-1, under the lead case indicated in the caption of this notice (the Motion). *See* Docket Entry ___ .

1. **Required Caption on Documents** – All documents filed must contain a caption in substantially the same format and content as the caption ~~of this notice~~ attached to the Motion as Exhibit A.

2. **Debtors Affected by a Filed Document** – All documents filed must indicate, by checking appropriate boxes, the debtor or debtors affected by the filed document.

3. **Filing Documents on Main Case Docket** – Unless indicated below in paragraph 4, all documents must be filed on the docket of the lead case indicated on the caption of this notice.

4. **Filing Proof of Claims on Docket of Individual Case** – Notwithstanding joint administration of these cases, creditors must file their respective proofs of claim as to the specific affected and applicable debtor using the case number and claim register for the specific affected and applicable debtor.

5. **Parties to File a Request to be Added to Courtesy NEF** – To facilitate notice and service of documents via Notice of Electronic Filing, all parties who previously electronically filed documents only in cases other than the lead case must promptly file in the lead case a Request to be Added to Courtesy Notice of Electronic Filings, using the court-approved form.

6. **Other**:

Date: _____                                    By: _____
                                                                   Signature

This form is mandatory. It has been approved for use in the United States Bankruptcy Court, Central District of California.

*December 2014*                                    Page 2                    **F 1015-1.1.NOTICE.JOINT.ADMINISTRATION**
611119240.2

*In re Hoag Urgent Care-, Inc.*, case no. 8:12-bk-13078-TA

*In re Hoag Urgent Care-, Inc.*, case no. 8:12-bk-13079-TA

*In re Hoag Urgent Care-, Inc.*, case no. 8:12-bk-13080-TA

*In re Cypress Urgent Care, Inc.*, case no. 8:12-bk-13089-TA

*In re Laguna-Dana Urgent Care, Inc.*, case no. 8:12-bk-13090-TA